## James Shelton *v.* The State.

1. Theft — Evidence — Declarations as Res Gestæ.— In the trial of several defendants jointly indicted for theft, declarations of any one of them, made when the property was first found in their possession and explanatory of their possession of it, are verbal acts and *res gestæ*, and are admissible in evidence on the trial of the defendants or any one of them.
2. Same — Case Stated.— Appellant and one H. being jointly indicted for theft of an estray cow, the latter was tried first and was acquitted. At appellant's trial he proposed to prove by a third party that, when he and H. were first found in possession of the animal, H. claimed it as his property. This proof was excluded by the court below on the ground that H. had become a competent witness and his testimony the best evidence of the fact in question. *Held* error. The declaration of H. was *res gestæ*, and it was competent for appellant to prove it by any witness who heard it made.

Appeal from the District Court of Lavaca. Tried below before the Hon. Everett Lewis.

The indictment charged Robert Hogan, Albert Vester and the appellant with the theft of a cow, the property of an unknown owner. At the separate trial of the appellant, he was found guilty, and a term of two years in the penitentiary was assessed as his punishment. The opinion states the facts involved in the rulings.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J. On the trial below the main State's witness, Seaborn Hall, made the following statement, viz.: "About the time alleged in the indictment I went out about four hundred yards from my house, where a beef was being slaughtered. I found Bob Hogan, Albert Vester and defendant there. I bought two quarters of beef from Hogan. Shelton said he wanted but a little beef. He got a small piece of beef and the hide, and

went off with it." Counsel for defendant asked the witness to state who claimed the beef at the time the matters above stated occurred. The answer was objected to by the prosecution, and the objection was sustained by the court.

In explanation of his ruling the learned judge appends the following to the bill of exceptions reserved by defendant, viz.: "At a previous day of this term the co-defendant Hogan was put on trial and acquitted, and on said trial said witness Hall testified that said Hogan said he owned the animal. The court knew that said Hogan was competent to testify as a witness for defendant Shelton." In other words, the court rejected the testimony because it was hearsay, and because the best evidence of the facts sought would be statements from the lips of the witness Hogan himself, who, by reason of his own acquittal, was rendered competent to testify in behalf of his co-defendant.

In this we think the court erred and misconceived the true rule by which the admissibility of the evidence should have been tested. Everything said by all or any one of the confederates at the time and place when first found in possession of the beef, and before they had entirely consummated their purpose, was in contemplation of law a verbal act, and as such was *res gestœ*, which was competent to be proven on the trial of all or any one of them.

The fact that Hogan, whose admissions or declarations were sought to be proven, was himself a competent witness, did not, as seems to have been supposed by the learned judge, make him the only or even the best witness by whom they could be proven. Being verbal acts and *res gestœ*, they could be established by any one who was present and heard them. " With regard to *res gestœ*, Mr. Wharton says: 'the question is, is the evidence offered that of the event speaking through participants, or that of observers speaking about the event. In the

first case, what was thus said can be introduced without calling those who said it; in the second case, they must be called.' Whart. Crim. Ev. § 262." *Holt* v. *State*, 9 Texas Ct. App. 572; *Lanham* v. *State*, 7 Texas Ct. App. 126.

For error in excluding the evidence offered, as above stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*